UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12 - 2513**

------------------------------------------------------------X

ANNETTE GERHARDT and GERARDO SANTIAGO,

                          Plaintiffs,

-against-

CITY OF NEW YORK, RAYMOND RODRIGUEZ, Individually,
NANCY CIRIGLIANO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                          Defendants,

------------------------------------------------------------X

**COMPLAINT**

Docket No.

**GLASSER, J.**

**GOLD, M.J.**

Jury Trial Demanded

SUMMONS ISSUED

Plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, by their attorneys Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff ANNETTE GERHARDT is a twenty-six year old woman residing in Staten Island, New York.

7. Plaintiff GERARDO SANTIAGO is a twenty-eight year old man residing in Staten Island, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, RAYMOND RODRIGUEZ, NANCY CIRIGLIANO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said

21. Defendant CIRIGLIANO then escorted Ms. Gerhardt into a room, while Ms. Gerhardt's daughter was left outside the room with defendant JANE DOE 1.

22. Defendant CIRIGLIANO stated to Ms. Gerhardt, in sum and substance: People like you should not be allowed to have children. You're an unfit mother. I should call ACS on you. You should be arrested.

23. In response, Ms. Gerhardt stated in sum and substance: A family friend did this with her child in the 123rd precinct. Officers spoke to the child and it was a positive situation that helped the child. I'm not an unfit mother. My daughter has been misbehaving at home and at school. My daughter is a smart girl and I don't want her to end up in a special education class because of her behavior. I thought an officer would be able to sit down with me and my daughter and explain to her that children who do not finish school and who do not listen to their teachers and parents, can end up in jail. I'm not leaving my daughter here, we have plans to go away for the weekend. I'm a concerned parent. Her father is waiting outside in the car.

24. Defendant CIRIGLIANO left Ms. Gerhardt in said room with defendant JOHN DOE 1.

25. The defendants imprisoned plaintiff in said room for approximately one and one-half hours.

26. While imprisoned in said room, Ms. Gerhardt, who suffers from high blood pressure and was not feeling well, repeatedly asked defendant JOHN DOE 1 for her medication which was in her vehicle parked outside the precinct. Defendant JOHN DOE 1 ignored Ms. Gerhardt's requests.

27. While Ms. Gerhardt was imprisoned in said room, two defendant officers approached Mr. Santiago who was waiting outside of the precinct in his vehicle.

28. The defendant officers escorted Mr. Santiago into the precinct to another room where he was detained and questioned by defendant CIRIGLIANO.

29. At approximately 8:00 p.m., the defendant officers escorted both plaintiffs out of their respective rooms, and handcuffed, frisked, and searched the plaintiffs in the presence of their daughter.

30. The defendant police officers arrested plaintiffs despite lacking probable cause to believe that they had violated any laws.

31. Thereafter, the defendant officers imprisoned plaintiffs in separate holding cells.

32. While imprisoned in a holding cell, Ms. Gerhardt repeatedly requested medical attention from the defendant officers. The defendant officers ignored Ms. Gerhardt's requests.

33. At approximately 9:30 p.m., after Ms. Gerhardt had laid down on the floor of her holding cell because she had become severely weak and nauseous, emergency medical technicians assisted Ms. Gerhardt and transported her to Richmond University Medical Center where she was treated and released.

34. The defendants imprisoned plaintiffs until February 19, 2011 when plaintiffs were released on their own recognizance following their arraignments in Richmond County Criminal Court on docket numbers 2011RI001651 and 2011RI001652, said charges having been filed against the plaintiffs based on the false allegations of defendant Rodriguez. The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

35. As a result of the defendants' actions plaintiffs were compelled to return to Richmond County Criminal Court on approximately two dates until April 26, 2011, when all

28. The defendant officers escorted Mr. Santiago into the precinct to another room where he was detained and questioned by defendant CIRIGLIANO.

29. At approximately 8:00 p.m., the defendant officers escorted both plaintiffs out of their respective rooms, and handcuffed, frisked, and searched the plaintiffs in the presence of their daughter.

30. The defendant police officers arrested plaintiffs despite lacking probable cause to believe that they had violated any laws.

31. Thereafter, the defendant officers imprisoned plaintiffs in separate holding cells.

32. While imprisoned in a holding cell, Ms. Gerhardt repeatedly requested medical attention from the defendant officers. The defendant officers ignored Ms. Gerhardt's requests.

33. At approximately 9:30 p.m., after Ms. Gerhardt had laid down on the floor of her holding cell because she had become severely weak and nauseous, emergency medical technicians assisted Ms. Gerhardt and transported her to Richmond University Medical Center where she was treated and released.

34. The defendants imprisoned plaintiffs until February 19, 2011 when plaintiffs were released on their own recognizance following their arraignments in Richmond County Criminal Court on docket numbers 2011RI001651 and 2011RI001652, said charges having been filed against the plaintiffs based on the false allegations of defendant Rodriguez. The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

35. As a result of the defendants' actions plaintiffs were compelled to return to Richmond County Criminal Court on approximately two dates until April 26, 2011, when all

charges filed against plaintiffs were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

36. On or about February 18, 2011, the defendant officers unlawfully and falsely reported the above described incident to the City's Administration for Children's Services (hereinafter "ACS"). As a result of the defendants' false statements to ACS, ACS filed a petition against plaintiffs in Richmond County Family Court. The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

37. As a result of the ACS petition, plaintiffs lost custody of their daughter Emayla Santiago until February 22, 2011. Thereafter, plaintiffs were compelled to appear in Richmond County Family Court and to cooperate with ACS until the Family Court petition was dismissed.

38. Defendant CIRIGLIANO supervised defendants RODRIGUEZ and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiffs.

39. The defendant NYPD officers RODRIGUEZ and JOHN and JANE DOE 1 through 10 either directly participated in and/or failed to intervene in the illegal conduct described herein.

40. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

41. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs

6

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests and prosecutions and that they otherwise engage in falsification and/or abuses of authority.

42. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

43. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

44. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

45. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

47. All of the aforementioned acts deprived plaintiffs of the rights, privileges and

immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

54. Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

55. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants maliciously issued criminal process against plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, by causing them to be arraigned and prosecuted in Criminal Court.

58. Defendants caused plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

59. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

60. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The defendants conduct herein were an abuse of executive power so clearly

unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

62. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

63. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of Due Process/Interference with
Familial Relations and Integrity under 42 U.S.C. § 1983)

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO have a constitutionally protected liberty interest to live together with their daughter Enayla Santiago without governmental interference. The forced separation of parent from child represents a serious infringement upon the parents' rights. Defendants' unlawful acts in this case forced the unwanted separation of ANNETTE GERHARDT and GERARDO SANTIAGO from Enayla Santiago, who was only six years old at the time of the incident.

66. As a result of the foregoing, plaintiffs' right to familial integrity was infringed, and they were injured.

67. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

68. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants had an affirmative duty to intervene on behalf of plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, whose constitutional rights were being violated in their presence by other officers.

70. The defendants failed to intervene to prevent the unlawful conduct described herein.

71. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and their right to familial integrity was infringed.

72. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

73. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly

supervise and train their subordinate employees.

75. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause; and, engaging in falsification, committing perjury, or manufacturing evidence in an attempt to convict innocent individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO.

80. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, as alleged herein.

81. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, as alleged herein.

82. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, were unlawfully arrested and maliciously issued process.

83. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO'S constitutional rights.

84. All of the foregoing acts by defendants deprived plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

  C.  To be free from the failure to intervene;

  D.  To be free from malicious abuse of process; and

  E.  To be free from interference with familial relations and integrity.

85. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

86. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90. Plaintiffs have complied with all conditions precedent to maintain the instant action.

91. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendants arrested plaintiffs without probable cause.

94. Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

95. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

96. As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

98. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

100. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO

SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

102. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. Defendants made offensive contact with plaintiffs without privilege or consent.

104. As a result of defendants' conduct, plaintiffs have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

106. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

108. The aforementioned conduct was committed by defendants while acting within

the scope of their employment by defendant CITY OF NEW YORK.

109. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

110. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

111. As a result of the aforementioned conduct, plaintiffs suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

112. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

113. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

115. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

116. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

117. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs.

119. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

120. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121. Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

122. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO

SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

123. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

125. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

126. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127. As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

128. As a result of the foregoing, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorney's fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 17, 2012

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
>     BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiffs ANNETTE GERHARDT and GERARDO SANTIAGO